**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:

CRAFT CONSTRUCTION COMPANY, LLC

Debtor.
_______________________________/

Case Number: 26−15967−CAP

Chapter: 11

**LIMITED JOINDER IN CREDITOR, TARAS DIAKIWSKI'S OBJECTION (ECF #371) TO DEBTOR'S DISCLOSURE STATEMENT (ECF #285) AND OBJECTION BY CREDITORS, LARRABEE AIR CONDITIONING, INC. D/B/A KAR & LARRABEE MECHANICAL CONTRACTORS, JMJ PAINTING, INC. AND MOUSSERI PAINTING, INC.**

Creditors, LARRABEE AIR CONDITIONING, INC. D/B/A KAR & LARRABEE MECHANICAL CONTRACTORS, JMJ PAINTING, INC. AND MOUSSERI PAINTING, INC. ("Creditors"), by and through undersigned counsel, hereby file their Limited Joinder in the assertions, allegations and arguments raised in the Objection by Creditor, TARAS DIAKIWSKI (ECF #371) and file their own Objection to the Debtor's Disclosure Statement (ECF #285), and state as follows:

1. Creditors hereby join in, incorporate and adopt the assertions, allegations and arguments raised in the Objection by Creditor, Taras Diakiwski (ECF #371) to the Debtor's Disclosure Statement (ECF #285) solely as to the inadequacies of the Disclosure Statement and its failure to provide "adequate information."[1]

2. In addition, Creditors raise the following objections to the Debtor's Disclosure

[1] Creditors do not have sufficient information regarding the alleged improprieties by the Debtor and/or Barry Craft and others that are asserted by Creditor, Taras Diakiwski in his Objection (ECF #371), and therefore Creditors do not join in same at this time.

Statement:

(a) The Disclosure Statement states, "The Plan Supplement will identify each executory contract and unexpired lease proposed to be assumed, assumed and assigned, rejected, or otherwise treated under the Plan, together with the proposed cure amount, if any." (ECF #285, p.21). However, no Plan Supplement has been filed to date. This is a material omission.

(b) The Disclosure Statement incorrectly states that a Best Interests Analysis is attached.

(c) The Disclosure Statement states that a Liquidation Analysis will be provided through a separate notice of filing, but none has been filed to date. This is a material omission.

(d) The Disclosure Statement fails to adequately explain how the Plan of Reorganization meets the Best Interest of the Creditors Test and fails to provide a proper liquidation analysis. It therefore lacks the adequate information necessary.

(e) The Disclosure Statement fails to adequately explain the reason for creating a separate creditor class for "District Related Claims (Berkley Subrogation Claims)" instead of including all general unsecured claims in one class. As such, the Disclosure Statement does not adequately explain whether the Debtor is not improperly attempting to gerrymander the votes that the Debtor needs for confirmation. *See In re Main Line Corp.*, 335 B.R. 476, 479 (Bankr. S.D. Fla. 2005).; *In re New Midland Plaza Assocs.*, 247 B.R. 877, 893 (Bankr. S.D. Fla. 2000).

(f) While the Debtor appears optimistic that the Plan of Reorganization will succeed, the Disclosure Statement does not discuss remedies available to creditors should the Debtor default under the terms of the Plan of Reorganization. The failure to provide for a default contingency is a material omission.

(g) The Disclosure Statement does not accurately state the number of current Proofs of Claims or the dollar amounts of current Proofs of Claim filed in the case. It therefore lacks the adequate information necessary.

(h) The Disclosure Statement does not adequately explain why Berkley Insurance Company' claim is $115,350,412.94, and whether the Debtor disputes the amount of the claim.

(i) The Disclosure Statement states, "The Cash Collateral Orders require Bonded Contract Proceeds to be maintained through applicable funds control or project subaccounts and applied first to valid project trust fund obligations and preserved surety rights before any net amount may become unrestricted Estate Cash." (ECF #284, p.9). The Interim Order Granting Second Expedited Motion of Debtor for Authorization to Continue Use Cash Collateral states, "Adequate Protection - Berkley; Florida Construction Trust Funds. All progress payments, retainage, change-order proceeds, and claim proceeds that are now or that hereafter become due or payable to the Debtor in respect of any contract bonded by Berkley (collectively, the `Bonded Contract Proceeds') constitute, upon receipt, trust funds for the benefit of the subcontractors, suppliers, and other beneficiaries of such trust under Fla. Stat. § 713.345 (collectively, the `Trust Funds'). The Debtor shall maintain, at a depository acceptable to the Office of the United States Trustee, a separate debtor-in-possession sub-account for each Bonded Contract (each a `Project Sub-Account')[]". (ECF #188, p.5). However, the Disclosure Statement is silent on the number of trust funds and the amounts in each such trust fund and the effect of such trust fund on the $115,350,412.94 claim of Berkley Insurance Company.

Moreover, the Debtor's Monthly Operating Report for the period ending on August 31, 2026 (ECF #329) is similarly silent as to the number of trust funds and the amounts in each such trust fund.[2] This is a material omission.

(j) The Disclosure Statement fails to adequately explain whether and how the Debtor will pay subcontractor claims for: (a) retainage that accrued pre-Petition; and/or (b) retainage and other amounts that accrue post-Petition and should therefore be treated as administrative expenses.

3. For the aforementioned reasons, the Disclosure Statement does not contain "adequate information" allowing creditors to make an informed decision as to whether to vote for the Plan of Reorganization. "Where inaccuracies are so numerous or significant that creditors or interest holders can no longer make an informed judgment about whether to accept or reject the proposed plan of reorganization, approval of the Disclosure Statement must be denied." *In re Cardinal Congregate I,* 121 B.R. 760, 766-767 (Bankr. S.D. Ohio 1990). Furthermore, "If the plan is patently unconfirmable on its face, the application to approve the disclosure statement must be denied, as solicitation of the vote would be futile." *In re Quigley Co., Inc.,* 377 B.R. 110, 115-116 (Bankr. S.D.N.Y. 2007), *citing, In re Beyond.com Corp.,* 289 B.R. 138, 140 (Bankr. N.D. Cal. 2003) (collecting cases); *In re 266 Washington Assocs.,* 141 B.R. 275, 288 (Bankr. E.D.N.Y. 1992), *affd,* 147 B.R. 827 (E.D.N.Y. 1992); *In re Filex,* 116 B.R. 37, 41 (Bankr. S.D.N.Y. 1990).

WHEREFORE, Creditors respectfully request that the Court deny approval of the Disclosure Statement, and that the Court grant such other and further relief as is just, proper and equitable.

[2] Efforts to obtain this information directly from the Debtor's counsel have been unsuccessful.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of October, 2026, the foregoing was filed with the Court's CM/ECF system which will automatically send a copy of the foregoing to all registered counsel in the above-captioned case.

**THE BARTHET FIRM**
*Attorneys for Creditors,*
Larrabee Air Conditioning, Inc. d/b/a
Kar & Larrabee Mechanical Contractors,
JMJ Painting, Inc. and Mousseri Painting, Inc.
200 South Biscayne Blvd., Suite 1650
Miami, FL 33131
Tel: (305) 347-5279
smullick@barthet.com
chosein@barthet.com – Assistant

/s/ Sundeep K. Mullick
SUNDEEP K. MULLICK
Florida Bar No.: 18175